UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRIAN A. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-45-SNLJ |
| | ) | |
| SWIFT TRANSPORTATION COMPANY, | ) | |
| OF ARIZONA, LLC, and CHARLES A. | ) | |
| HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010). Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant; thus, the defendants have the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

1

The Notice of Removal (#1) in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the matter in controversy exceeds the sum of $75,000. The Notice of Removal alleges that "Defendant Swift Transportation Company is now, and was at all pertinent times, a Delaware corporation with its principal place of business in the State of Arizona, and it is not a citizen or resident of the State of Missouri . . . ." But the Disclosure of Organizational Interests Certificate (#13) that Swift Transportation filed shows that Swift Transportation is a limited liability company, not a corporation.

The Eighth Circuit has held that unincorporated entities such as limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, for the limited liability company party, the Court must examine the citizenship of each member to determine whether diversity jurisdiction exists. Because it is the defendants' burden in this case to establish subject matter jurisdiction, *In re Business Men's Assurance Co. of Am.*, 992 F.2d at 183, the Court will grant defendants twenty-one (21) days to file an amended notice of removal that alleges facts showing the existence of the requisite diversity of citizenship of the parties. The facts must show that diversity existed both when the case was filed in state court and when it was removed to this Court. *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013). If defendants fail to timely and fully comply with this Order, the Court will remand this matter for lack of subject matter jurisdiction.

Accordingly,

2

**IT IS HEREBY ORDERED** that, by November 23, 2017, defendants shall file an amended notice of removal in accordance with this memorandum, setting forth the members of the limited liability company party and the citizenship of each of those members.

**IT IS FURTHER ORDERED** that if defendants do not timely and fully comply with this Order, this matter will be remanded for lack of subject matter jurisdiction.

Dated this __2nd__ day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE